IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTY ROBERTS,** | : | |
| | : | Case No. 2:16-cv-00317 |
| **Plaintiff,** | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Kemp |
| **CITY OF LANCASTER CODE** | : | |
| **ENFORCEMENT,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court on the motions to dismiss of Defendants GRADA, Ltd. ("GRADA"); the City of Lancaster Code Enforcement ("Code Enforcement"); Fairfield Metropolitan Housing Authority ("FMHA"); and the United States Department of Housing and Urban Development ("HUD"). (Docs. 12, 15, 17, 21.) Also before the Court are Plaintiff Christy Roberts's ("Roberts") Motion to Enter into Evidence 42 Exhibits in Support of Medical Issues (Doc. 20) and Notice to the Court (Doc. 28), and various Defendants' motions to strike the same. (*See* Docs. 24, 25, 29, 30.)[1] For the reasons set forth below, Defendants' motions to dismiss are **GRANTED**. Roberts's motion and notice are **DENIED**, and Defendants' motions to strike are **DENIED** as **MOOT**.

### I. BACKGROUND

#### A. Factual Background

Roberts's forty-plus-page complaint (with addenda) is largely a stream-of-consciousness work alleging an apparent conspiracy involving the Founding Fathers and their descendants, Adolf Hitler, Osama Bin Laden, Michael Bloomberg, Mark Zuckerberg, the Clintons, American

---

[1] Document Numbers 24 and 25 are styled as oppositions to Roberts's Motion to Enter Evidence, but ask the Court essentially to strike evidence from the record.

Christian Polygamists, Muslims, Bob Evans, September 11th, drug-dealing, beatings, rape, and murder.  (*See generally* Doc. 8.)

The few allegations that the Court can comprehend and that appear to be directed at the Defendants in this action sound in a landlord-tenant dispute, with several vague references to racial discrimination.  Roberts was purportedly a participant in the HUD Section 8 Housing Assistance Program and received rental assistance for twelve years at her Lancaster, Ohio residence.  (*See* Doc. 4 at 3.)  According to Roberts, the conditions of her rental property were substandard for the majority of the time she lived there.  (*See generally id.*)  Specifically, Roberts alleges, among other things, that: (1) her sewer "backed up 38 times," caused by landlord GRADA's failure to remove a tree branch; (2) she reported the sewer issue to a HUD office and to FMHA "12 times" but they were no help; (3) Code Enforcement was called to inspect the property on multiple occasions, but either "found nothing" wrong or refused to inspect; and (4) Code Enforcement's refusal to inspect the property benefited a "white supremacist."  (*See id.* at 5.)  Roberts also alludes to the fact that she was eventually evicted from her rental property.  (*See* Doc. 8.)  Roberts asks this Court to "call [the] Inspector General in to check this prejudice" and "fix things," and seeks damages against GRADA, FMHA, and HUD.  (*See* Doc. 4 at 6.)

### B.  Procedural Background

In March 2016, Roberts filed a motion for leave to proceed *in forma pauperis*.  (Doc. 1.) The Court granted Roberts's motion and docketed her complaint one month later.  (Docs. 3, 4.) In May 2016, Roberts filed a thirty-nine page addendum to her complaint,[2] which does not appear to have been served on Defendants.  (Doc. 8.)  Shortly thereafter, all Defendants moved to dismiss Roberts's complaint.  (Docs. 12, 15, 17, 21.)

---

[2] Roberts's complaint was attached to her motion for leave to proceed *in forma pauperis*.  (Docs. 1-1, 4.) Before the Court granted Roberts's motion, she filed a two-page addendum to her complaint.  (Doc. 2.) The Court therefore considers Documents 1-1, 2, 4, and 8 as Roberts's complaint.

The Court granted Roberts a two-month extension of time to respond to Defendants' motions. (*See* Docs. 18, 19.) Rather than file responses, Roberts filed a "Motion to Enter into Evidence 42 Exhibits in Support of Medical Issues." (Doc. 20.) These "exhibits" are various medical records, housing- and public transit-related documents, several e-mails, and documentation of a gym membership. (*See id.*) GRADA and Code Enforcement opposed Roberts's motion. (*See* Docs. 24, 25.) In September 2016, Roberts filed a "Notice to the Court" that she had been diagnosed with "osteomyelitis of the spine." (Doc. 28.) Code Enforcement and FMHA moved to strike Roberts's notice. (Docs. 29, 30.)

In August 2016, prior to filing the aforementioned motion and notice, Roberts had requested an additional extension of time to file a response to Defendants' motions. (*See* Doc. 26.) The Court did not take note of Roberts's motion until February 2017. During the intervening six months, Roberts did not respond to Defendants' motions. On February 23, 2017, this Court ordered Roberts to respond to Defendants' motions to dismiss by March 10, 2017, and notified Roberts that it would rule on the motions without considering her response if she failed to meet the deadline. (Doc. 31.) The Court's Order explicitly stated that no further extensions of time to respond would be permitted. (*Id.*) Roberts did not respond. Accordingly, the Court considers Defendants' motions as-filed.

## II.  STANDARD OF REVIEW

All Defendants move to dismiss Roberts's *pro se* complaint under Federal Rule of Civil Procedure 12(b)(6); HUD and GRADA also move to dismiss due to this Court's lack of subject-matter jurisdiction under Rule 12(b)(1). (*See* Docs. 12, 17.)

A *pro se* litigant's allegations are held to a less stringent standard than those in pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, however, courts are

unwilling to "abrogate basic pleading essentials in *pro se* suits." *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (collecting cases). Indeed, courts are not required to entertain a *pro se* plaintiff's claim that "defies comprehension" or allegations that amount to nothing more than "incoherent ramblings." *Roper v. Ford Motor Co.*, No. 1:09-cv-427, 2010 WL 2670827, at *4 (S.D. Ohio Apr. 6, 2010), *report and recommendation adopted*, 2010 WL 2670697 (S.D. Ohio July 1, 2010) (internal citations omitted).

### A. Motion To Dismiss for Lack of Subject-Matter Jurisdiction.

Motions to dismiss under Rule 12(b)(1) "are categorized as either a facial attack or a factual attack." *Bell v. United States*, 4 F. Supp. 3d 908, 913 (S.D. Ohio 2014) (quoting *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012)). A facial attack on subject-matter jurisdiction is a "challenge to the sufficiency of the pleading itself," and therefore is resolved under the familiar Rule 12(b)(6) standard. *Id.* Where, as here, a plaintiff's standing is challenged under a Rule 12(b)(1) motion at the pleading stage of the litigation and discovery has not yet commenced, it is proper for the Court to construe Defendants' motions as facially challenging subject-matter jurisdiction. *See Kal Kan Foods, Inc. v. Iams Co.*, 197 F. Supp. 2d 1061, 1066–67 (S.D. Ohio 2002).

### B. Motion To Dismiss for Failure To State a Claim under Rule 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) allows for a case to be dismissed for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Thus, the Court must construe the complaint in the light most favorable to the non-moving party. *Total Ben. Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The Court is not

required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## III. LAW AND ANALYSIS

### A. The Court Lacks Subject-Matter Jurisdiction Over Roberts's Claim Against HUD.

Both HUD and GRADA move to dismiss Roberts's complaint for lack of subject-matter jurisdiction. The Court will address each Defendant's arguments in turn.

HUD argues that the Court lacks jurisdiction over any of Roberts's claims against it because she has failed to identify an applicable waiver of sovereign immunity. (*See* Doc. 21 at 4–6.) "Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" *United States v. Bormes*, 133 S. Ct. 12, 16 (2012) (citation omitted); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (noting that sovereign immunity shields federal agencies from suit). Sovereign immunity is a jurisdictional doctrine; the "terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." *Meyer*, 510 U.S. at 475. A plaintiff bears the burden of identifying a waiver of sovereign immunity before a lawsuit against the United States can go forward; she may not simply invoke the "general federal-question-jurisdiction statute," 28 U.S.C. § 1331, as Roberts has done here. *See Toledo v. Jackson*, 485 F.3d 836, 838 (6th Cir. 2007); (*see also* Doc. 4 at 2.) Roberts has

5

failed to point to any legal authority permitting a suit of this type against the United States in her complaint. For this reason, the Court lacks subject-matter jurisdiction over any claim against HUD.[3]

GRADA moves to dismiss under Rule 12(b)(1) due to Roberts's alleged failure to plead a federal question in her complaint. (*See* Doc. 12 at 1.) As bases for this Court's jurisdiction over her claims, Roberts cites 28 U.S.C. §§ 1331, 1343(3). (Doc. 4 at 2.) "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

While GRADA is correct that the body of Roberts's complaint does not "allege a violation of a specific constitutional right, federal statute or treaty," it also "assumes for the sake of argument that Plaintiff has made sufficient [] allegations for a discrimination claim" under federal law. (Doc. 12 at 4–5.) The Court will do the same, in order to honor its obligation to construe *pro se* pleadings liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Accordingly, the Court will construe the few references to racial discrimination in Roberts's complaint as sufficient to invoke the Court's subject-matter jurisdiction over claims of racial discrimination in federal housing, and will address GRADA's argument that Roberts has not pleaded "sufficient *factual* allegations of a viable federal claim" below, as it is more appropriately considered under Rule 12(b)(6). (*See* Doc. 12 at 4–5.)

### B. Roberts Fails to State a Claim Against Defendants.

Even assuming that Roberts's complaint properly invokes this Court's subject-matter

---

[3] As HUD also correctly points out in its motion, Roberts's complaint contains virtually no factual allegations pertaining to HUD. Roberts alleges only that she reported an issue with her property to a "HUD office" and that her property was not inspected to "HUD standards." (*See* Doc. 4 at 4; Doc. 8 at 26.)

jurisdiction, it fails to state a claim against Defendants under Rule 12(b)(6). Under *Twombly* and *Iqbal*, this Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Here, Roberts's complaint does not even meet that—still insufficient—standard. Indeed, Roberts's complaint fails to pinpoint *any* law Defendants have allegedly violated, or identify any cause of action or the elements thereof. Thus, the complaint does not even meet the former "notice" pleading standard, as Defendants could not possibly know "what [Roberts's] claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Twombly*, 550 U.S. 44 (2007).

Roberts's complaint is also factually deficient. As a threshold matter, the complaint contains very few allegations about Defendants. As set forth above, while Roberts expresses dissatisfaction with her rental property; with GRADA's services as her landlord; and with Code Enforcement, FMHA, and HUD's purported failure to inspect or fix issues with the property, the vast majority of the complaint is dedicated to Roberts's incomprehensible "ramblings." *Roper*, 2010 WL 2670827, at *4.

The factual allegations directed at Defendants, however, do not give rise to a claim for relief. For example, assuming that Roberts intended to plead a claim for federal housing discrimination, using the familiar *McDonnell Douglas* test, she has not specifically pleaded that she was evicted from her property because of her race, or that her property remained available after she was evicted, or that members of a non-protected class were treated more favorably than her. *See Lindsay v. Yates*, 498 F.3d 434, 438–39 (6th Cir. 2007). And although she invokes the jurisdictional statute for claims under 42 U.S.C. § 1983, *see Lynch v. Household Fin. Corp.*, 405 U.S. 538, 543 n.7 (1972), Roberts fails to identify any policy or custom of a government agency

that caused an alleged deprivation of her rights, which is a required element of a claim against a municipal entity in its official capacity. *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 363 (6th Cir. 1993) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

In short, Roberts's vague allegations that the conditions of her rental property were somehow connected to race are insufficient to "state a claim for relief that is plausible on its face," particularly given that she wholly fails to refer to any law or cause of action. *Twombly*, 550 U.S. at 570. Even under the more "liberal" standard for *pro se* pleadings, this Court is not required to entertain allegations that "def[y] comprehension," *Roper*, 2010 WL 2670827, at *4, or "discover or create a claim that is not pleaded." *Saunders v. Obama*, No., 2012 WL 1030473, at *9 (S.D. Ohio Mar. 27, 2012), *report and recommendation adopted by* 2012 WL 1606664 (S.D. Ohio May 7, 2012). For these reasons, Roberts's complaint fails to state a claim against Defendants.[4]

### C. Roberts's Motion to Admit Evidence, Notice, and Defendants' Motions to Strike.

As previously stated, also pending before the Court are Roberts's Motion to Enter into Evidence 42 Exhibits in Support of Medical Issues (Doc. 20) and Notice to the Court of her osteomyelitis diagnosis. (Doc. 28.) With regard to the Motion to Enter Evidence, as GRADA properly notes, exhibits are generally introduced at trial—not via motion—and must be properly authenticated and a foundation laid under the Federal Rules of Evidence before they may be

---

[4] Various Defendants raise additional arguments for dismissal of Roberts's complaint under Rule 12(b)(6). For example, Code Enforcement correctly argues that it is not a proper party, as there is no statutory authority affording it to be sued; it is a division of a municipal corporation that has no existence separate from the city itself. (*See* Doc. 15 at 4–5); *see also* Ohio Rev. Code Ann. § 715.01; *Saint Torrance v. Firstar*, 529 F. Supp. 2d 836, 850 (S.D. Ohio 2007); *Collins v. I.R.S.*, No. 1:94-CV-685, 1995 WL 545285, at *7 (N.D. Ohio May 26, 1995). HUD notes that it has no role aside from providing funds to housing agencies, and therefore "could not take any of the actions of which Plaintiff complains." (Doc. 21 at 7–8.) FMHA asserts that the federal regulations governing housing quality standards do not create a right of action against it. (*See* Doc. 17 at 4 (citing 24 C.F.R. § 983.101 (2014)). Because the Court finds that Roberts's complaint fails to meet the pleading requirements delineated by *Twombly* and *Iqbal*, it need not address these supplemental arguments in detail.

admitted into evidence. (*See* Doc. 24.) Similarly, as to Roberts's notice, Code Enforcement and FMHA correctly state that neither the Federal Rules of Civil Procedure nor the Local Rules of this Court provide a "mechanism" for the filing of such a notice. (*See* Docs. 29, 30.)

Procedure aside, the information Roberts provides the Court in her motion and notice is wholly irrelevant to this action. Even "admitting this information into evidence" would have no impact on the merits of Defendants' motions to dismiss. For these reasons, the Court **DENIES** Roberts's Motion to Enter Evidence and disregards her notice. Defendants' motions to strike these documents are denied as **MOOT**.

### IV. CONCLUSION

For the reasons detailed above, the Court **GRANTS** Defendants' motions to dismiss, **DENIES** Roberts's Motion to Enter Evidence and disregards her notice, and **DENIES** Defendants' Motions to Strike as **MOOT**. Roberts's complaint is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

                                             s/Algenon L. Marbley
                                           **ALGENON L. MARBLEY**
                                           **UNITED STATES DISTRICT JUDGE**

**DATED: March 29, 2017**